UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CARMELA BORGESE,**<br><br>                    Plaintiff,<br><br>   -vs-<br><br>**MERCANTILE ADJUSTMENT BUREAU, LLC,**<br><br>                    Defendant. | *Civil Action No.* _____ |

### **COMPLAINT & DEMAND FOR JURY TRIAL**

#### **INTRODUCTION**

1. Plaintiff Carmela Borgese brings this action for statutory and actual damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

#### **JURISDICTION & VENUE**

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. Venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

4. The Plaintiff's cause of action under the TCPA are predicated upon the same facts and circumstances that give rise to her federal cause of action under the FDCPA. As such, this Court has supplemental jurisdiction over the Plaintiff's TCPA cause of action pursuant to 28 U.S.C. §1367.

#### **PARTIES**

5. Plaintiff Carmela Borgese is a natural person residing in the County of Erie and the State of New York.

6. Defendant Mercantile Adjustment Bureau, LLC, (hereinafter "Mercantile") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

9. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

11. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

12. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

13. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

**FACTUAL ALLEGATIONS**

16. That beginning in or about late October 2009, Plaintiff Carmela Borgese began receiving repeated prerecorded telephone calls on her cellular telephone from Defendant Mercantile.

17. That Plaintiff Borgese began receiving Defendant's prerecorded debt collection calls, despite the fact that she did not owe any delinquent or past-due debts.

18. That upon information and belief, Defendant Mercantile was in fact attempting to collect a "personal" debt owed by an individual named, "Elaine Levea" *(proper spelling unknown)*.

19. That over the course of just a few weeks, Defendant made eleven (11) prerecorded telephone calls to Plaintiff Borgese's cellular telephone.

20. That all of the Defendant's prerecorded messages failed to identify Defendant's company name and otherwise failed to explain that the purpose for Defendant's calls was to collect a debt and that any information obtained would be used for that purpose. Instead, Defendant's prerecorded message simply stated Defendant's business hours.

21. That the Defendant's telephone calls repeatedly interrupted Plaintiff's peace and tranquility at home, invaded her privacy and caused Plaintiff to use minutes on her cellular telephone plan that she did not wish to be used.

22. That Defendant Mercantile continued to call for many weeks, until Plaintiff's daughter, Maria Atkinson, finally called Defendant and notified the same that the calls were unwanted. It was discovered at this time that Defendant was a debt collection agency which was attempting to collect an alleged debt from someone named "Elaine Levea." Upon Mrs. Atkinson's aforementioned notification, Defendant stated they would remove Plaintiff's cellular telephone number from their computer system. To Plaintiff's knowledge, no further automated telephone calls were subsequently made to her cellular telephone.

23. That despite the fact that Defendant apparently ceased their improper collection calls once notified, their previously placed unwanted and annoying prerecorded telephone calls to Plaintiff's cellular telephone violated Plaintiff Borgese's consumer rights, and as such, she is entitled to recover statutory damages as set forth under the FDCPA and the TCPA, as well as actual damages pursuant to the FDCPA.

### PLAINTIFF'S FIRST COUNT
[FAIR DEBT COLLECTION PRACTICES ACT]

24. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act, as follows:

25. That Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(5) and 15 U.S.C. §1692f(5) by repeatedly causing Plaintiff's cellular telephone to ring with the intent to annoy, abuse and harass her.

26. That Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by repeatedly placing telephone calls without meaningful disclosure of their identity.

27. That Defendant violated 15 U.S.C. §1692e and 15 U.S.C .§1692e(11) by failing to disclose in its prerecorded messages that Defendant was a debt collector and that any information obtained would be used for that purpose.

28. That Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(5) by unfairly causing charges to Plaintiff's cellular telephone, while concealing the true purpose of the communications, which was to attempt to collect a debt from "Elaine Levea."
29. That Defendant's unwanted and annoying prerecorded telephone calls caused Plaintiff Carmela Borgese aggravation, frustration and otherwise suffer from emotional distress.

**PLAINTIFF'S SECOND COUNT**
[TELEPHONE CONSUMER PROTECTION ACT]

30. The aforementioned acts and omissions of the Defendant have violated the Telephone Consumer Protection Act of 1991, as follows:
31. Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to the Plaintiff's cellular telephone using an artificial and/or prerecorded voice to deliver messages without having a lawful basis and/or the consent of Plaintiff to leave such messages.
32. Defendant also violated 47 U.S.C.§227(d)(3)(A) by failing to clearly state, at the beginning of the prerecorded message, the identity of the business and by failing to clearly state, during or after the message, the telephone number or address of such business.
33. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, justification or excuse.
34. The acts and/or omissions of Defendant at all times material and relevant hereto were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).
35. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto caused Plaintiff Borgese to sustain damages as a result of their repeated telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.
36. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto caused Plaintiff to sustain damages, including invasion of her privacy.
37. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto is liable for actual damages, statutory damages, as well as costs and reasonable attorneys' fees.

38. Plaintiff Borgese received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling her to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

39. That because Defendant made eleven (11) telephone calls, Plaintiff Borgese is entitled to recover statutory damages in the amount of Seven Thousand Five Hundred Dollars and No Cents ($5,500.00).

**WHEREFORE**, Plaintiff Carmela Borgese respectfully requests that judgment be entered against Defendant Mercantile for:

(a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and 47 U.S.C.§223(b)(3)(B);

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

(d) And for such other and further relief as may be just and proper.

Date: January 4, 2010

/s/ Frank J. Borgese
Frank J. Borgese, Esq.
Kristin J. Graham, Esq.
Graham Law, P.C.
*Attorneys for Plaintiff Borgese*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.812.0071